**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PEARL R. JOHNSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-6253
(D.C. No. CIV-94-1671-W)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order affirming the final decision of the Secretary of Health and Human Services denying her application for disability benefits before January 1, 1992. Plaintiff claims disability since April 15, 1983, because of pain in her neck, shoulders, right arm and leg, low back and hips; loss of vision and loss of grip in her hands. Her disability benefits application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge (ALJ). The ALJ determined that plaintiff was disabled since January 1, 1992, and that she was entitled to receive supplemental security income benefits as of that date. The ALJ found that plaintiff was not disabled before that date because she retained the residual functional capacity to perform her past relevant work. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five-step sequential evaluation for determination of disability). The Appeals Council affirmed the decision of the ALJ, making it the final decision of the Secretary. Our jurisdiction is pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Plaintiff argues on appeal that the ALJ's determination that plaintiff retained the residual functional capacity to perform her past work is not supported by substantial evidence. Specifically, she complains that the ALJ erred in failing to consider the effects of her eye pain and intermittent blurred vision on her ability to perform her past relevant work. We review the record to determine whether there is substantial evidence to support the Secretary's decision, and whether the correct legal standards were applied. See Kepler v. Chater, 68 F.3d 387, 388 (10th Cir. 1995).

Plaintiff last met the insured status requirements for purposes of her disability claim on June 30, 1986. "Thus, to be entitled to disability benefits, she must prove she was totally disabled by this date." Id. at 389.

Contrary to plaintiff's argument, the ALJ considered both objective evidence and subjective complaints of pain as required by law. See Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). The magistrate's report and recommendation, which was adopted by the district court, correctly states that there is minimal mention of pain in the record before January 1, 1992. The record reveals that plaintiff sought treatment for pain after some soft drink cans fell on her in 1993, well after expiration of her insured status. Beyond the objective medical records, it is clear that the ALJ considered plaintiff's subjective complaints of pain, as well as her daily activities, in his disability assessment.

The record also bears out the district court's finding that the medical records indicate no complaints of blurred vision in the left eye. The only mention of problems with plaintiff's left eye is on March 2, 1989 (after expiration of plaintiff's insured status) when plaintiff complained that she had been seeing black dots for a week to ten days. Further, we find no error in the ALJ's application of legal standards in determining that plaintiff could perform her past relevant work.

We agree with the district court that this record contains substantial evidence to support the ALJ's determination that plaintiff retained the residual functional capacity to perform her past relevant work before January 1, 1992. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge